■ Mary E. Shepley, Appellant, v Karen Helmerson et al., Respondents. [760 NYS2d 228] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 6, 2002, which denied that branch of her motion which was for leave to amend the complaint by adding a demand for punitive damages, and (2), as limited by her brief,

from so much of an order of the same court entered July 16, 2002, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order entered July 16, 2002, is affirmed insofar as appealed from; and it is further,

Ordered the appeal from the order entered June 6, 2002, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In opposition to the defendants' prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Gaddy v Eyler,* 79 NY2d 955, 957 [1992]; *Licari v Elliott,* 57 NY2d 230, 239 [1982]; *Sandt v New York Racing Assn.,* 289 AD2d 218 [2001]; *Duldulao v City of New York,* 284 AD2d 296 [2001]), the plaintiff's submissions failed to raise a triable issue of fact. The plaintiff did not demonstrate that she sustained a "permanent consequential limitation" or "significant limitation" of use of her neck. Her doctors concluded that she only suffered a cervical sprain/strain and "mildly diminished" range of motion in the cervical region (*see Gaddy v Eyler, supra; Licari v Elliott, supra*). Furthermore, the plaintiff's treating physician failed to causally relate any of the plaintiff's alleged injuries to the subject automobile accident (*see Ginty v MacNamara,* 300 AD2d 624 [2002]; *Narducci v McRae,* 298 AD2d 443 [2002]; *Kallicharan v Sooknanan,* 282 AD2d 573, 574 [2001]).

In light of our determination, the appeal from the order entered June 6, 2002, which denied that branch of the plaintiff's motion which was for leave to amend her complaint by adding a demand for punitive damages, has been rendered academic. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.