■ STANLEY E. MORRIS et al., Appellants, v GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Respondent, et al., Defendant. [774 NYS2d 74]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 5, 2003, which granted the motion of the defendant Greenburgh Central School District No. 7 for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Stanley E. Morris was injured when he tripped over the edge of a raised concrete slab while delivering cartons of juice boxes to a school operated by the defendant Greenburgh

Central School District No. 7 (hereinafter the School District). The Supreme Court granted the School District's motion for summary judgment. We affirm.

In support of its motion, the School District relied on the deposition testimony of one of its custodians to the effect that the concrete slab was raised only one inch. The School District also relied on photographs acknowledged by the injured plaintiff as accurately reflecting the condition of the walkway at the time of the accident. The School District thereby established its entitlement to summary judgment by demonstrating as a matter of law that the alleged defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Neumann v Senior Citizens Ctr.*, 273 AD2d 452 [2000]; *Marinaccio v LeChambord Rest.*, 246 AD2d 514 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact. Under the circumstances, the Supreme Court properly granted the School District's motion for summary judgment.

In view of our determination, the plaintiffs' remaining contention need not be reached (*cf. Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.