■ VALENTINA COLON, Respondent, v JOSE VARGAS, Defendant, and CESAR D. ZEPEDA, Appellant. [811 NYS2d 755]—

In an action to recover damages for personal injuries, the defendant Cesar D. Zepeda appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 18, 2005, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, upon searching the record, summary judgment dismissing the complaint insofar as asserted against the defendant Jose Vargas is granted, and the complaint is dismissed in its entirety.

Contrary to the Supreme Court's determination, the defendant Cesar D. Zepeda established his prima facie burden on his motion for summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). This burden was established by the submission of the reports of the examining neurologist and dentist, who found, inter alia, that the plaintiff had a normal range of motion of her mouth and that she did not have any disability causally related to the subject accident (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) to her mouth or jaw as a result of the subject accident. The medical reports relied upon by the plaintiff were irrelevant to her claims, were not based upon a recent examination of the plaintiff (*see Constantinou v Surinder*, 8 AD3d 323 [2004]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]), or did not causally relate any injuries to the subject accident (*see Shepley v Helmerson*, 306 AD2d 267, 268 [2003]).

Moreover, there was no competent medical evidence to support the plaintiff's claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Although the defendant Jose Vargas has not appealed, this Court has the authority to search the record and grant summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Upon searching the record, we award summary judgment to Jose Vargas, dismissing the complaint insofar as asserted against him (*see* CPLR 3212 [b]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.