█  SARA ZALKIN, Appellant, v CITY OF NEW YORK, Respondent. [828 NYS2d 485]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated June 13, 2005, which granted the defendant's motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular circumstances of each case, and is properly a question of fact for the jury (*see Riser v New York City Hous. Auth.*, 260 AD2d 564 [1999]; *see also Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Corrado v City of New York*, 6 AD3d 380 [2004]). "However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Hargrove v Baltic Estates*, 278 AD2d 278 [2000]; *see Hagood v City of New York*, 13 AD3d 413 [2004]). In determining whether a defect is trivial, a court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk, supra* at 978, quoting

*Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]; *see Murray v City of New York,* 15 AD3d 636, 637 [2005]). The defendant established its entitlement to judgment as a matter of law by demonstrating that, under the circumstances, the 3/4 of an inch difference in the height elevation between the edge of the concrete slab which had caused the plaintiff to fall and the adjacent concrete slab was too trivial to be actionable (*see Morris v Greenburgh Cent. School Dist. No. 7,* 5 AD3d 567, 568 [2004]; *Riser v New York City Hous. Auth., supra*). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.