▉ HAIM MARRACHE et al., Respondents, v AKRON TAXI CORP. et al., Appellants, et al., Defendants. [856 NYS2d 239]—

In an action to recover damages for personal injuries, etc., the defendants Akron Taxi Corp. and Curtis Oppong Maison appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated July 20, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Haim Marrache did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiffs to the appellants,

the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted, and, upon searching the record, summary judgment is awarded to the defendants Parties Events & More, David Thomas Stewart II, and Entertaining Ideas, Inc., dismissing the complaint insofar as asserted against them.

The defendants Akron Taxi Corp. and Curtis Oppong Maison (hereinafter the appellants) met their prima facie burden of showing that the plaintiff Haim Marrache (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the injured plaintiff failed to raise a triable issue of fact. The vast majority of the submissions of the injured plaintiff were unsworn, and thus without any probative value (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The submissions of expert physicians Oksana Levitansky and Joyce Goldenberg were insufficient to raise a triable issue of fact. Neither expert addressed the findings of the appellants' examining radiologist, who concluded that the injured plaintiff suffered from degenerative disc disease in the C2 through C7 levels of her cervical spine. This failure rendered speculative Levitansky and Goldenberg's respective conclusions that the injuries and limitations that they noted were caused by the subject accident (*see Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Lorthe v Adeyeye*, 306 AD2d 252 [2003]; *Pajda v Pedone*, 303 AD2d 729 [2003]; *Ginty v MacNamara*, 300 AD2d 624 [2002]).

The magnetic resonance imaging report by Jeffrey Chess concerning the injured plaintiff's cervical spine merely showed that as of June 23, 2005 the injured plaintiff appeared to have herniated discs at C2-3 and C3-4, as well as bulging discs at C3 through C7. The mere existence of a herniated or bulging disc, and even radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sharma v Diaz*, 48 AD3d 442 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Mejia v DeRose*, 35 AD3d 407, 408 [2006]). Further, Chess did not offer any opinion as to how the disc herniations and bulges were caused (*see Collins v Stone*, 8 AD3d 321, 322 [2004]). The self-serving affidavit of the injured

plaintiff was insufficient to raise a triable issue of fact (see *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Fisher v Williams,* 289 AD2d 288 [2001]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Moreover, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (cf. *Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Colon v Vargas,* 27 AD3d 512, 514 [2006]). Upon searching the record, we thus award summary judgment to the defendants Parties Events & More, David Thomas Stewart II, and Entertaining Ideas, Inc., dismissing the complaint insofar as asserted against them (see CPLR 3212 [b]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.