■ ROLAND FEREBEE et al., Respondents, v HELAL SHEIKA et al., Appellants, et al., Defendants. [873 NYS2d 93]—

In an action to recover damages for personal injuries, etc., the defendants Helal Sheika and Paolo Salvo appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), entered February 14, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Roland Ferebee did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Helal Sheika and Paolo Salvo for summary judgment dismissing the complaint insofar as asserted against them is granted and, upon searching the record, summary judgment is awarded to the defendants Jhasmine Rios and Sosa Pablo dismissing the complaint insofar as asserted against them.

The defendants Helal Sheika and Paolo Salvo met their prima facie burden of establishing that the plaintiff Roland Ferebee (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff sustained such an injury.

The magnetic resonance imaging (hereinafter MRI) reports of Dr. Mark Shapiro and the report of Dr. Joel Mittleman dated October 21, 2005 were without any probative value in opposing the appellants' motion since those submissions were neither affirmed nor sworn to (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Choi Ping Wong v Innocent*, 54 AD3d 384 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

The affirmed medical examination report of Dr. Mittleman dated October 5, 2007 and the affirmed medical examination reports of Dr. Aric Hausknecht dated August 23, 2005 and September 27, 2005 were without any probative value as they clearly relied on the unsworn MRI reports of Dr. Mark Shapiro in coming to the conclusions contained therein (*see Sorto v Morales*, 55 AD3d 718 [2008]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

In any event, none of the injured plaintiff's experts addressed the findings of the appellants' radiologist, who concluded that the injuries to the injured plaintiff's cervical spine, lumbar spine, and right shoulder were the result of pre-existing degeneration and not the subject accident. Therefore, the conclusions of Dr. Mittleman and Dr. Hausknecht that the limitations and injuries in the cervical spine, lumbar spine, and right shoulder were caused by the subject accident were rendered speculative in light of this omission (*see Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973 [2008]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]).

Furthermore, neither the injured plaintiff nor the injured plaintiff's experts adequately explained the more than two-year gap in time between the injured plaintiff's last examination by Dr. Hausknecht on September 27, 2005 and his most recent examination by Dr. Mittleman on October 5, 2007 (*see Pommells v*

*Perez,* 4 NY3d 566 [2005]; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Waring v Guirguis,* 39 AD3d 741 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]). Accordingly, the Supreme Court should have granted the motion of Helal Sheika and Paolo Salvo for summary judgment dismissing the complaint insofar as asserted against them.

Moreover, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Michel v Blake,* 52 AD3d 486 [2008]; *Marrache v Akron Taxi Corp.,* 50 AD3d 973 [2008]; *Colon v Vargas,* 27 AD3d 512, 514 [2006]). Upon searching the record, we award summary judgment to the defendants Jhasmine Rios and Sosa Pablo dismissing the complaint insofar as asserted against them (*see* CPLR 3212 [b]) on the ground that the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.