■ ANTHONY DiLERNIA et al., Appellants, v ABDUL M. KHAN et al., Respondents. [878 NYS2d 405]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated February 27, 2008, which granted the motion of the defendants Sarah S. Morse and Sarah C. Morse for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Anthony DiLernia did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the appeal from so much of the order as denied the plaintiffs' cross motion for summary judgment on the issue of liability insofar as asserted against the defendants Abdul M. Khan and Jean M. Prince is dismissed as academic in light of our determination searching the record and awarding summary judgment dismissing the complaint insofar as asserted against those defendants; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs, and upon searching the record, summary judgment is awarded to the defendants Abdul M. Khan and Jean M. Prince dismissing the complaint insofar as asserted against them.

On appeal, the plaintiffs do not raise any arguments relating to the Supreme Court's determination that the defendants Sarah S. Morse and Sarah C. Morse met their prima facie burden of showing that the plaintiff Anthony DiLernia did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. Initially, the reports they submitted from Dr. Fred Jones, the injured plaintiff's treating chiropractor, were without probative value since they were not in affidavit form (*see Kunz v Gleeson*, 9 AD3d 480 [2004]; *Doumanis v Conzo*, 265 AD2d 296 [1999]).

The report of Dr. Ali Guy, the injured plaintiff's examining physician, failed to raise a triable issue of fact because, while he noted significant limitations in the range of motion of the injured plaintiff's lumbar spine based on a recent examination, neither he nor the plaintiffs proffered competent medical evidence which revealed the existence of significant limitations in the range of motion of the injured plaintiff's lumbar spine that were contemporaneous with the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

646

Finally, the plaintiffs failed to submit competent medical evidence that the injuries allegedly sustained by the injured plaintiff in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Garcia v Lopez* 59 AD3d 593 [2009]; *Michel v Blake*, 52 AD3d 486 [2008]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973 [2008]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]; *cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Upon searching the record, we award summary judgment to the defendants Abdul M. Khan and Jean M. Prince dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of the no-fault statute (*see* CPLR 3212 [b]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.