ANTHONY MADERO, Respondent, v PIZZAGALLI CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, FERRARI AND SONS, INC., Appellant, and OLDCASTLE PRECAST, INC., Respondent. KANE CONTRACTING, INC., Third-Party Defendant-Appellant. [878 NYS2d 434]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Pizzagalli Construction Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 25, 2007, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant Ferrari and Sons, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the third-party defendant, Kane Contracting, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiff to Pizzagalli Construction Company and Ferrari and Sons, Inc., and one bill of costs payable by Pizzagalli Construction Company to Kane Contracting, Inc., and the motion of the defendant third-party plaintiff, Pizzagalli Construction Company, for summary judgment dismissing the complaint insofar as asserted against it is granted, the cross motion of the defendant Ferrari and Sons, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, the separate motion of the third-party defendant, Kane Contracting, Inc., for summary judgment dismissing the third-party complaint is granted, and, upon searching the record, summary judgment is awarded to the defendant Oldcastle Precast, Inc., dismissing the complaint insofar as asserted against it.

The plaintiff commenced this action after he allegedly was injured when he tripped on a defect in or on a concrete floor at a construction site. The defendant Pizzagalli Construction Company (hereinafter Pizzagalli) was the general contractor on the project, and the defendants Ferrari and Sons, Inc. (hereinafter Ferrari), Oldcastle Precast, Inc., and the third-party defendant Kane Contracting Inc. (hereinafter Kane), the plaintiff's employer, were subcontractors. The alleged defect was variously described as an accumulation of hardened concrete, grouting, or some other masonry product attached to a floor that had not

yet been leveled. According to the plaintiff's deposition testimony, the object was no more than three fourths of an inch in height, one inch wide, and four inches long. The plaintiff's foreman on the project described it as "a little tiny, tiny little lump [that] could have been part of the precast." He said that he could not determine whether the lump was "cement, grout or part of the plank, because it was just so smooth and small [and] [t]he planks come with . . . imperfections." At his deposition, the foreman demonstrated the size of the object by placing a nickel on the deposition table and then placing a business card over the top of the nickel. He then smoothed the edges of the business card down so that they touched the table, and indicated that card over the nickel accurately represented the size of the object over which the plaintiff claimed to have tripped.

Finding several issues of fact, the Supreme Court denied, inter alia, the motions and cross motions of Pizzagalli, Ferrari, and Kane for summary judgment. We reverse.

Based upon its width, depth, elevation, irregularity, and appearance, a defect may be deemed "trivial," and therefore nonactionable as a matter of law, depending upon the time, place, and circumstance of the injury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Here, the moving parties established, prima facie, that the alleged defect, even as described by the plaintiff himself, was "trivial" as a matter of law, and therefore nonactionable, through evidence of the size of the alleged defect and uncontested testimony that objects like the one in question were common and expected at similar building sites at that stage of construction (*id.; see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Zalkin v City of New York*, 36 AD3d 801 [2007]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567 [2004]; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]; *Lopez v New York City Hous. Auth.*, 245 AD2d 273, 274 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zalkin v City of New York*, 36 AD3d at 802).

We note also that the plaintiff's injuries were not the result of any height- or gravity-related risk within the meaning of Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). Thus summary judgment dismissing the plaintiff's claims under Labor Law § 240 (1) should have been awarded to Pizzagalli and Ferrari.

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme

Court (*see Garcia v Lopez*, 59 AD3d 593 [2009]; *Michel v Blake*, 52 AD3d 486 [2008]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973 [2008]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]; *cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Upon searching the record, we award summary judgment to the defendant Oldcastle Precast, Inc., dismissing the complaint insofar as asserted against it on the grounds described above (*see* CPLR 3212 [b]). Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.