■ SHAHZADAH ALI, Appellant, v JOSE E. TORRELLA et al., Respondents. [893 NYS2d 228]—

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the affirmation of his treating physician, Dr. Soe Nyunt, was insufficient to raise a triable issue of fact. Dr. Nyunt only addressed the plaintiff's alleged cervical and lumbar spine injuries, and did not address any other claimed area of injury. Thus, Dr. Nyunt's affirmation failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his

right shoulder or right knee as a result of the subject accident. With regard to the plaintiff's alleged cervical and lumbar spine injuries, Dr. Nyunt concluded that the deficiencies in the plaintiff's range of motion were the result of the subject accident. However, this conclusion was rendered speculative in light of the fact that Dr. Nyunt failed to address the findings of degeneration in the plaintiff's cervical and lumbar spine by the defendants' radiologist (*see Ferebee v Sheika*, 58 AD3d 675 [2009]; *Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973 [2008]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.