■ Ramon Rivera, Respondent, v Port Authority of New York and New Jersey et al., Appellants. [893 NYS2d 262]—

The plaintiff alleged that he was attempting to gain access to the roof of a bus, in the course of performing maintenance, to close the cover of a condenser located at the top of the bus,

when he slipped and fell on premises owned by the defendant Port Authority of New York and New Jersey, and occupied by GlobeGround North America, LLC, sued herein as Global Ground North America, LLC (hereinafter GGNA). The plaintiff testified at his deposition that he was using a metal ladder to get to the top of the bus, and tried to grab one of the covers of the condenser with his left hand, but he was unable to do so, and fell. He did not remember where his right hand was located when he fell, but he testified at his deposition that his right leg was already on the roof of the bus when he fell. He did not recall where his left leg was located when he fell and, thus, did not recall whether it was on the ladder or the bus. The plaintiff alleged at his deposition that the floor of the premises was wet and greasy. GGNA moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the plaintiff did not know what had caused him to fall. In the order appealed from, the Supreme Court, among other things, denied the motion. We reverse the order on the appeal by GGNA.

GGNA established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the plaintiff did not know what had caused him to fall (*see Davis v Rochdale Vil., Inc.*, 63 AD3d 870 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, under the circumstances, a determination that the alleged hazardous condition of the floor was a proximate cause of his accident would be based on sheer speculation (*see Davis v Rochdale Vil., Inc.*, 63 AD3d 870 [2009]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638 [2005]; *Grob v Kings Realty Assoc.*, 4 AD3d 394 [2004]).

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Surace v Commonwealth Land Tit. Ins. Co.*, 62 AD3d 861, 862 [2009]; *Madero v Pizzagalli Constr. Co.*, 62 AD3d 670, 672-673 [2009]; *DiLernia v Khan*, 62 AD3d 644, 646 [2009]). GGNA's codefendant, Port Authority of New York and New Jersey, moved for summary judgment dismissing the complaint insofar as asserted against it based only on the contention that it was an out-of-possession landlord which had no duty to maintain the premises at which the plaintiff fell. Upon search-

ing the record, we award summary judgment to the defendant Port Authority of New York and New Jersey dismissing the complaint insofar as asserted against it on the ground that the plaintiff cannot identify the cause of his fall (*see* CPLR 3212 [b]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.