■ EFRAIN RODRIGUEZ, Appellant, v APRIL L. GRANT, Respondent. [896 NYS2d 143]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 27, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical reports of the plaintiff's treating physicians Dr. Dov J. Berkowitz and Dr. Joseph Gregorace failed to address the findings of the defendant's radiologist, who concluded that the plaintiff's left knee injuries were degenerative in nature and unrelated to the subject accident. Thus, any conclusions of the plaintiff's experts that the injuries and limitations noted during their respective examinations were the result of the subject accident were speculative (*see Nicholson v Allen*, 62 AD3d 766 [2009]; *Ferebee v Sheika*, 58 AD3d 675, 676 [2009]; *Johnson v Berger*, 56 AD3d 725 [2008]; *Ciordia v Luchian*, 54 AD3d 708 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1086-1087 [2008]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973, 974 [2008]; *Giraldo v Mandanici*, 24 AD3d 419, 420 [2005]).

The affirmed magnetic resonance imaging report of Dr. Raymond Rizzuti merely revealed the existence of a tear of the anterior cruciate ligament and medial meniscus in the plaintiff's left knee. A tear in tendons, as well as a tear in a ligament, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Ciancio v Nolan*, 65 AD3d 1273 [2009]; *Cornelius v Cintas Corp.*, 50 AD3d at 1087; *see also*

*Su Gil Yun v Barber*, 63 AD3d 1140 [2009]). The plaintiff failed to submit such evidence in opposition to the defendants' motion here. The deposition testimony of the plaintiff was also insufficient to meet this standard (*see Luizzi-Schwenk v Singh*, 58 AD3d 811, 812 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.