In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Molía, J), dated May 21, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On December 10, 2009, the plaintiff allegedly tripped and fell due to a difference in height between two concrete slabs of a sidewalk abutting the defendants’ premises. After the accident, she commenced this action against the defendants. The Supreme Court denied the defendants’ motion for summary judgment dismissing the complaint.
A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Sokolovskaya v Zemnovitsch, 89 AD3d 918 [2011]; Richardson v JAL Diversified Mgt., 73 AD3d 1012 [2010]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the “width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury” (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; see Hawkins v Carter Community Hous. Dev. Fund Corp., 40 AD3d 812 [2007]; Zalkin v City of New York, 36 AD3d 801 [2007]; Morris v Greenburgh Cent. School Dist. No. 7, 5 AD3d *928 567 [2004]). £‘[T]here is no ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977; see Das v Sun Wah Rest., 99 AD3d 752 [2012]). Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable (see Schenpanski v Promise Deli, Inc., 88 AD3d 982 [2011]).
Here, upon reviewing the photographs acknowledged by the plaintiff as accurately reflecting the condition of the alleged defect as it existed at the time of the accident, and considering all other relevant factors, we conclude that the defendants established, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Hawkins v Carter Community Hous. Dev. Fund Corp., 40 AD3d 812 [2007]; Zalkin v City of New York, 36 AD3d 801 [2007]; Morris v Greenburgh Cent. School Dist. No. 7, 5 AD3d 567 [2004]).
In opposition, the plaintiff raised a triable issue of fact sufficient to defeat the defendants’ prima facie showing. Specifically, the plaintiff’s expert, whose affidavit was properly considered by the Supreme Court (see Rivers v Birnbaum, 102 AD3d 26, 39 [2012]), raised a triable issue of fact as to the height of the alleged sidewalk defect, whether the alleged defect was nontrivial, and whether it existed long enough to provide constructive notice of the alleged condition (see Trincere v County of Suffolk, 90 NY2d at 977; Bovino v J.R. Equities, Inc., 55 AD3d 399, 400 [2008]).
The defendants’ remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.P, Leventhal, Hall and Cohen, JJ., concur.