Florence Sanford, Respondent, 
against
Delta Air Lines, Inc., Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered September 18, 2014. The order denied defendant's motion for summary judgment.




ORDERED that the order is affirmed, without costs.
In this action to recover for injuries sustained when plaintiff fell as she stepped off a curb outside defendant's airline terminal, the complaint alleges that the curb was defective and that the surrounding area was unsafe. Defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff testified at her deposition that the curb that she fell over "was high," which she estimated to be "4, 5 inches higher" than other curbs, and that she "couldn't see" as it was "dark" and there were no artificial lights on. Plaintiff's witness testified at his deposition that there were light fixtures illuminating the general area of the terminal at the time of the incident but they were only dimly lit, and the light fixtures at the precise location under the overpass where plaintiff fell were not lit at all. 
Upon a review of the record, we conclude that the Civil Court did not improvidently exercise its discretion in denying defendant's motion. Whether a dangerous or defective condition exists so as to impose liability against a defendant depends, in the case of an alleged height differential of a curb, upon, among other things, the depth and elevation of the curb, the type of irregularity and its appearance, and the time, place, and circumstances of the injury (see Tesak v Marine Midland Bank, 254 AD2d 717 [1998]; see also Trincere v County of Suffolk, 90 NY2d 976 [1997]). We find that defendant's motion failed to establish, as a matter of law, that the alleged defect was too trivial to be actionable (see Trincere v County of Suffolk, 90 NY2d 976; Maloid v New York State Elec. & Gas Corp., 257 AD2d 712 [1999]). Moreover, we note that inadequate lighting is a circumstance that may create liability even where a defect is otherwise considered to be trivial (see Alig v Parkway Parking of NY, Inc., 36 AD3d 980 [2007]).
The dissent relies on cases which stand for the proposition that if a plaintiff is unable to identify the cause of a fall without engaging in speculation, summary judgment must be granted in favor of defendant. Here, plaintiff's theory is that the fall was caused by a defective curb, which condition was exacerbated by inadequate lighting. Consequently, plaintiff identified the cause of her fall without resorting to speculation (see Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487 [2014]; Seelinger v Town of Middletown, 79 AD3d 1227, 1229-1230 [2010]). 
Accordingly, the order is affirmed.
Pesce, P.J., and Aliotta, J., concur.
Weston, J., dissents in a separate memorandum.

Weston, J., dissents and votes to reverse the order and grant defendant's motion for summary judgment dismissing the complaint in the following memorandum:
In this slip and fall accident case, plaintiff alleged she fell while returning to her vehicle from the skycap area. The majority opinion states that plaintiff alleged that the curb was defective, in that, among other things, it was higher than other curbs, and that there was inadequate lighting in the area. However, neither plaintiff, nor her witness, nor defendant's witness ever testified as to the existence of a defect in the curb area. 
While plaintiff's "theory" may be that the fall was caused by a defective curb, in order to rebut the prima facie showing made by defendant, plaintiff's theory must be supported by competent proof that any alleged dangerous or defective condition existed and that it was not too trivial to be actionable. Plaintiff testified that she was not looking at the curb when she fell. Plaintiff's only proof of a defective condition was that, in her "opinion," the curb was narrower and higher than other curbs she has encountered. However, plaintiff never measured the curb or identified anything defective about the curb beyond her speculation about its height. This is insufficient to constitute probative evidence that a defect on the sidewalk existed and that the defendant created or had actual notice of said defect. "[T]rivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes or trip over," are not actionable (Outlaw v Citibank, N.A., 35 AD3d 564, 564-565 [2006] [internal quotation marks omitted]).
Ordinarily, a defendant has the burden of establishing that it did not create the hazardous condition or have actual or constructive notice of the condition (see Rakowski v St. Aidan's R.C. Church, 135 AD3d 730 [2016]; Richardson v Brooklake Assoc., L.P., 131 AD3d 1153 [2015]; Davis v Rochdale Vil., Inc., 63 AD3d 870 [2009]). However, where a plaintiff can only speculate as to the cause of a fall, a defendant establishes his or her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff cannot identify the cause of the fall (see Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d 711 [2015]; Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 864 [2015]; Ash v City of New York, 109 AD3d 854, 855 [2013]). "In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Capasso v Capasso, 84 AD3d 997, 998 [2011]). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a slip and fall accident, any determination by the trier of fact as to causation [*2]would be based upon sheer conjecture" (Dennis v Lakhani, 102 AD3d 651, 652 [2013]; see also Rivera v Port Auth. of NY & N.J., 69 AD3d 917 [2010]).
Here, defendant met its burden by submitting the deposition transcripts of plaintiff, her son and defendant's employee, which demonstrated that plaintiff could not identify the cause of her fall without resorting to speculation. Plaintiff described the accident as occurring as she was looking straight ahead while walking back to her son's car to retrieve her luggage, when her foot slipped off the curb and twisted. Contrary to her theory that poor lighting contributed to the conditions, plaintiff testified she could see the curb when she stepped onto it a few minutes before the incident and that she had no trouble seeing where she was walking prior to the fall. 
Plaintiff offered two possible theories to explain her fall: either there was a defect in the curb and/or the lighting conditions were insufficient. In other words, plaintiff was unable to identify the cause of her fall. Even viewing the evidence in the light most favorable to plaintiff, her testimony concerning her observations after the accident, including her estimations as to the height, width and any other discrepancies with the curb rested entirely upon speculation (see Mitgang v PJ Venture HG, LLC, 126 AD3d at 864). With regard to the lights in the area, plaintiff fell minutes before daybreak. The photographs submitted by plaintiff showed that there were light fixtures in the area of the accident, and plaintiff's own witness testified they were illuminated.
Accordingly, defendant's motion for summary judgment dismissing the complaint should have been granted.
Decision Date: May 12, 2016