Delva v Diocese of Brooklyn (2019 NY Slip Op 01740)





Delva v Diocese of Brooklyn


2019 NY Slip Op 01740


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-12552
 (Index No. 510467/15)

[*1]Richard Delva, respondent,
v
Diocese of Brooklyn, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Kerri A. Wehrheim of counsel), for appellants.
Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 5, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the motion. The defendants appeal.
On appeal, the plaintiff does not argue that the defendants failed to meet their prima facie burden on their motion for summary judgment of showing that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; see also DiLernia v Khan, 62 AD3d 644, 645), but asserts that he raised a triable issue of fact in opposition. Contrary to the defendants' contention, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his left shoulder and the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether these alleged injuries were caused by the accident (see Perl v Meher, 18 NY3d 208, 218-219; Jilani v Palmer, 83 AD3d 786, 787).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court