■ JOYCE E. SLATER, an Infant, by CLARENCE SLATER, Her Parent, et al., Respondents, v. TOWN OF ROCHESTER, Appellant.— HERLIHY, J. P. Appeal from a judgment upon a jury verdict following a trial of a negligence action. The accident occurred when an automobile owned and operated by Anna Slater, and in which her daughter Joyce was a passenger, allegedly drove into a hole on a bridge owned and maintained by the defendant Town of Rochester. The plaintiffs offered proof to show that the bridge on the day in question and for some time prior thereto had been in a "state of disrepair", of which the town had actual notice. There were factual issues of negligence and contributory negligence which were submitted to the jury by a charge of the court, to which no exceptions were taken or requests to charge were made. On the present record there is no basis for this court to disturb the jury verdict as to the issues of negligence. The contention of the appellant as to the sufficiency of the plaintiffs' proof is without merit. The pictures of the bridge in evidence, showing its condition and known and allowed to exist by the defendant in this day of motor vehicles instead of horses and buggies, clearly demonstrate a failure on the part of the defendant to properly maintain its highways. The defendant further contends that the award to the passenger, Joyce Slater, is excessive. Following the return of the verdict by the jury, the court reserved on the motion to set the same aside and, as stated by the court, "after consideration of the evidence", denied the motion. As a result of the collision, 15-year-old Joyce was thrown through the windshield and received serious facial cuts. She was confined to the hospital; had surgery on her face; and complained of pain in her head, neck and wrist. It was necessary to take 44 stitches to close the various facial cuts. There was numbness over one of the scars and she suffered a post-concussion syndrome. The description and details of the scars are limited in this record. The doctor stated that she had an "ugly laceration" on the forehand, with loss of sensation as the result of nerve damage. There were other scars near the hairline and on her nose, all of which scars the doctor stated were permanent. There is, however, no testimony as to the length or description of the scars except as stated above and there is no testimony as to the cosmetic effect on the appearance of the young lady nor are there any pictures in evidence of the scars. The defendant produced no medical testimony and on cross-examination merely tried to minimize the effect of the scars. Under such conditions it is difficult for this court to make an appraisal of the verdict. The jury and the court heard the plaintiff passenger testify and actually saw the scars and in the judgment of the jury, the amount awarded, we must assume, was considered sufficient compensation, and the court after due consideration denied the motion as to excessiveness. While the verdict might be regarded as excessive under some circumstances, this court cannot indulge in speculation or surmise, but on the present record must rely upon the judgment of the jury and the trial court. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.