■ ELIZABETH L. POST et al., Respondents, v DAVID J. BRODERICK et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Orange County (Palella, J.), dated December 13, 1983, which denied their motion for summary judgment.

Order reversed, on the law, with costs, motion granted, and complaint dismissed.

In a personal injury action, the right to recover for noneconomic loss arising out of negligence in the use or operation of a motor vehicle is confined to those cases involving "serious injury" as defined in subdivision 4 of section 671 of the Insurance Law (Insurance Law, § 673). The affidavits submitted by plaintiffs failed to make a sufficient showing of serious injury so as to defeat defendants' motion for summary judgment. The allegations of occasional pain do not constitute a "significant limitation" within the meaning of subdivision 4 of section 671 of the Insurance Law (see *Licari v Elliott,* 57 NY2d 230; *Lopez v Senatore,* 97 AD2d 787). In the face of a medical report indicating only "[s]uperficial scratches" on her right knee, plaintiff Elizabeth Post's bare conclusory statement that she has a "disfiguring" scar there is insufficient as a matter of law. Furthermore, the evidence indicates that the infant plaintiffs' activities were restricted for approximately six weeks only, less than the minimum 90-day period required by the statute (Insurance Law, § 671, subd 4; *Licari v Elliott, supra*).

Accordingly, defendants are entitled to summary judgment dismissing the complaint. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.