■ ANNETTE RULISON et al., Respondents, v DAVID ZANELLA et al., Appellants.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered May 13, 1985 in Fulton County, which denied defendants' motion for partial summary judgment dismissing certain claims contained in the complaint.

In this personal injury action brought following an automobile accident, defendants moved for partial summary judgment upon the grounds that plaintiffs had not suffered economic loss in excess of basic economic loss *(see,* Insurance Law § 5102 [a]; § 5104 [a]) and that none of the injuries sustained by plaintiff Annette Rulison (hereinafter plaintiff) constituted a serious injury *(see,* Insurance Law § 5102 [d]; § 5104 [a]). Special Term denied the motion, and this appeal ensued.

The complaint herein asserts three causes of action. It is the first of these that essentially forms the basis of this appeal. The first cause of action states that plaintiff sustained serious injuries and incurred economic loss in excess of basic economic loss and, as a result thereof, should be awarded $50,000 in damages. Under Insurance Law § 5104 (a), a plaintiff in a personal injury action may recover only for (1) economic loss in excess of the "basic economic loss" amount of $50,000 (Insurance Law § 5102 [a]), and (2) noneconomic loss in any amount, but only if the plaintiff has suffered a "serious injury" (Insurance Law § 5102 [d]). Before Special Term and now on appeal, defendants contend that plaintiffs have failed to show both that their economic loss exceeds basic economic loss and that any injury allegedly sustained by plaintiff is a serious injury.

Addressing first the issue of serious injury, we conclude that the facts of this case do not indicate that summary judgment is in order with regard to this issue at this time. Although the issue of whether a plaintiff has suffered a serious injury is ordinarily one for the jury, it is for the court, in the first instance, "to determine whether the plaintiff has established a prima facie case of sustaining serious injury" *(Licari v Elliott,*

57 NY2d 230, 237; *see, Caruso v Hall,* 101 AD2d 967, 968, *affd* 64 NY2d 843). Here, plaintiff's injuries include a permanent scar on her right brow. Defendants allege that the scar is not, however, a "significant disfigurement" (Insurance Law § 5102 [d]), and thus not a serious injury because it is covered by plaintiff's eyebrow hair. The record is unclear on this matter. In different portions of the record, the scar is variously placed both "over" and "under" the hair of the eyebrow. In any event, defendants' own examining physician states in his report that the scar is indeed visible, albeit only upon close inspection *(cf. Caruso v Hall, supra).* On this record, therefore, Special Term was correct in concluding that summary judgment is not appropriate on the issue of whether plaintiff sustained a serious injury *(see, Waldron v Wild,* 96 AD2d 190).

We reach a different conclusion with regard to the question of whether plaintiffs have sufficiently demonstrated that they have suffered economic loss in excess of basic economic loss. It does not appear from the record that plaintiffs submitted any evidence before Special Term with regard to this issue. On appeal, they state only that they feel "that the issue of economic loss is not material to the issue of whether plaintiff sustained a serious injury". Such a position shows a lack of understanding of the pertinent Insurance Law provisions. As aforementioned, there is a distinction drawn by the statute with regard to personal injury actions that seek recovery for economic loss and those seeking recovery for noneconomic loss. Where economic loss is alleged and recovery is sought therefor, the plaintiff must demonstrate that the alleged loss exceeds the statutory amount of basic economic loss. Here, in opposition to defendants' contention that plaintiffs' economic loss did not exceed basic economic loss, plaintiffs submitted no proof whatsoever of their economic loss before Special Term and offer no reason to this court as to why they have failed to come forward with evidence of such loss. Because plaintiffs have, with respect to the economic loss issue, failed to "lay bare in evidentiary form" the evidence upon which they rely *(Piccolo v De Carlo,* 90 AD2d 609, 610; *see, Burton v Ertel,* 107 AD2d 909, 910), summary judgment should have been granted against them on this issue. Accordingly, they are hereafter barred from seeking recovery for economic loss.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing so much of the complaint as seeks recovery for economic loss; motion granted in such respect; and, as

so modified, affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.