■ CHARLES KOPPELMANN, an Infant, by His Mother, LINDA KOPPELMANN et al., Appellants, v SHARON E. LEPLER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 24, 1986, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs failed to meet the threshold requirements for serious injury, pursuant to Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

We find that the evidence submitted by the plaintiffs was insufficient to defeat the defendants' motion for summary judgment dismissing the complaint.

Although the plaintiffs, on appeal, contend that a scar

sustained by the infant plaintiff as a result of the accident constituted a "significant disfigurement" within the meaning of Insurance Law § 5102 (d), the unrefuted evidence contained in the record reveals that the scar, which is located near the infant's left eye, measured approximately one eighth of an inch and was barely visible, even upon close inspection by the defendants' examining physician. The record additionally indicates that no sutures had been used to repair this laceration when the infant plaintiff was initially brought to the hospital.

The plaintiffs also referred in their motion papers to a scar located on the infant plaintiff's scalp. Photographs submitted by the plaintiffs in opposition to the defendants' motion, however, attest to the fact that this scar is obscured by the infant plaintiff's hair.

Under the circumstances, we conclude that any "disfigurement" sustained by the infant plaintiff was not "significant" within the meaning of Insurance Law § 5102 (d) and that the plaintiffs, therefore, failed to raise a triable issue of fact regarding the question of "serious injury" so as to warrant the submission of this case to the jury (see, Post v Broderick, 104 AD2d 977; Caruso v Hall, 101 AD2d 967, affd 64 NY2d 843). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.