■ KELVIN POMPEY, Appellant, v THOMAS J. CARNEY, Respondent. [872 NYS2d 541]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated December 12, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The records and reports generated by Wellstar Medical, P.C., were without any probative value in opposing the defendant's motion since they were neither affirmed nor sworn (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Uribe-Zapata v Capallan*, 54 AD3d 936, 937 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747, 748 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *Pagano v Kingsbury*,

182 AD2d 268, 270 [1992]). The affirmation of Dr. Alan Berger, the plaintiff's treating chiropractor, which was not notarized, and his annexed reports, which also were not notarized, did not constitute competent medical evidence (*see Santoro v Daniel*, 276 AD2d 478 [2000]).

The medical report of Dr. Aric Hausknecht, the plaintiff's examining neurologist, was without any probative value since he clearly relied on the unsworn reports of others in coming to his conclusions (*see Sorto v Morales*, 55 AD3d 718 [2008]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Dr. Mark Shapiro's magnetic resonance imaging report concerning the plaintiff's lumbosacral spine merely revealed herniated discs at L4-5 and L5-S1. "The mere existence of a herniated or bulging disc, and even radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration" (*Patterson v NY Alarm Response Corp.*, 45 AD3d at 656; *see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527, 528-529 [2008]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Bravo v Rehman*, 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

Furthermore, the plaintiff failed to explain the gap in his treatment history between April 2005, when he stopped treatment, and his most recent examination in July 2007 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Berktas v McMillian*, 40 AD3d 563, 564 [2007]; *Waring v Guirguis*, 39 AD3d 741, 742 [2007]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995, 996 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.