■ Iris A. Rivera, Respondent, v Bushwick Ridgewood Properties, Inc., et al., Appellants, et al., Defendant. [880 NYS2d 149]—

In an action, inter alia, to recover damages for personal injuries, the defendants Bushwick Ridgewood Properties, Inc., and Ruben Cruz appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 17, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Bushwick Ridgewood Properties, Inc., and Ruben Cruz for summary judgment dismissing the complaint insofar as asserted against them is granted and, upon searching the record, summary judgment is awarded to the defendant Richard A. Brathwaite dismissing the complaint insofar as asserted against him.

Contrary to the Supreme Court's determination, the appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Although Dr. Soe Nyunt, the plaintiff's treating physician, stated in his affirmation that the plaintiff sustained permanent injuries to her cervical spine, lumbar spine, left shoulder, and left knee as a result of the subject accident, his affirmation failed to raise a triable issue of fact. As to the plaintiff's cervical spine, Dr. Nyunt failed to set forth in his affirmation the results of any recent examination he performed on the plaintiff's cervical spine that revealed the existence of significant limitations of motion (see generally Diaz v Lopresti, 57 AD3d 832 [2008]; Carrillo v DiPaola, 56 AD3d 712 [2008]; Landicho v Rincon, 53 AD3d 568, 569 [2008]; Cornelius v Cintas Corp., 50 AD3d 1085 [2008]; Young Hwan Park v Orellana, 49 AD3d 721 [2008]; Amato v Fast Repair Inc., 42 AD3d 477 [2007]). While Dr.

Nyunt's affirmation described a limitation of motion to the plaintiff's left shoulder based on a recent examination, neither Dr. Nyunt nor the plaintiff proffered any objective medical evidence that revealed the existence of a significant limitation in the left shoulder that was contemporaneous with the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]). With respect to the plaintiff's left knee, Nyunt again merely noted, in his affirmation, that the plaintiff sustained a limitation of motion based on a recent examination, but neither he nor the plaintiff proffered any objective medical evidence that revealed the existence of a significant limitation in the left knee that was contemporaneous with the subject accident. With respect to the plaintiff's lumbar spine, Dr. Nyunt failed to address the fact that the plaintiff was involved in an accident at work in 2007, in which she injured her lower back. The failure to address this accident rendered speculative Dr. Nyunt's conclusion that the limitations he noted in the plaintiff's lumbar spine were caused by the subject accident (*see Donadio v Doukhnych*, 55 AD3d 532 [2008]; *Seck v Minigreen Hacking Corp.*, 53 AD3d 608 [2008]).

The affirmed report referable to a magnetic resonance imaging (hereinafter MRI) scan, prepared by radiologist Steven Veigh, merely revealed that the plaintiff, as of January 10, 2005, showed evidence of a disc herniation at L5-S1 and a disc bulge at L4-5. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury, as well as its duration (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). The affirmed MRI report of radiologist Robert Scott Schepp concerning the plaintiff's left shoulder merely revealed that, as of November 18, 2004, the plaintiff suffered from tendonitis. For the purpose of ascertaining the existence of a serious injury, tendonitis, like disc bulges and herniations, must be related to objective evidence of the extent of alleged physical limitation resulting from the condition, as well as its duration.

The plaintiff also failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v*

*Ho,* 274 AD2d 569 [2000]). The plaintiff admitted in her deposition testimony that she missed no time from work as a result of the subject accident.

Moreover, the plaintiff failed to adequately explain the gap in treatment from the time she stopped seeking treatment on a date only three months after the subject accident, until June 12, 2008 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Garcia v Lopez,* 59 AD3d 593 [2009]).

The defendant Richard A. Brathwaite separately moved for summary judgment dismissing the complaint insofar as asserted against him on the same ground as that on which the appellants moved for summary judgment. Although Brathwaite's motion was denied, he, unlike the appellants, declined to appeal from so much of the order as was adverse to him. Nonetheless, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Garcia v Lopez,* 59 AD3d 593 [2009]; *Michel v Blake,* 52 AD3d 486 [2008]; *Marrache v Akron Taxi Corp.,* 50 AD3d 973 [2008]; *Colon v Vargas,* 27 AD3d 512, 514 [2006]; *cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]). Upon searching the record, we award summary judgment to Brathwaite dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see* CPLR 3212 [b]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.