■ MOUNIA BELAFRIKH et al., Respondents, v TARZAN CAB CORP. et al., Appellants, and LARRY W. ARTIS et al., Respondents. [892 NYS2d 551]

This action arises out of a collision that occurred on August 10, 2006, on West 28th Street in Manhattan between a taxicab driven by the defendant Mohammed S. Islam and owned by the defendant Tarzan Cab Corp. (hereinafter the appellants), and an automobile driven by the defendant Larry W. Artis and owned by the defendant Damali K. Robinson (hereinafter the nonappealing defendants). The plaintiffs were passengers in the taxicab. After discovery was completed, the nonappealing de-

fendants moved and the appellants cross-moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion and the cross motion, and this appeal is from so much of the order as denied the appellants' motion with respect to plaintiffs Mounia Belafrikh, Khadija Tika, and Imane Targhalli. We modify, grant that branch of the appellants' motion which was addressed to Targhalli and, upon searching the record, we also grant that branch of the nonappealing defendants' motion which was addressed to that plaintiff.

Contrary to the appellants' contentions, they failed to establish, prima facie, that Belafrikh and Tika did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In particular, their motion papers failed to adequately address the claims of those plaintiffs, clearly set forth in their bills of particulars, that they sustained medically determined injuries or impairment of a nonpermanent nature that prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Alvarez v Dematas*, 65 AD3d 598, 599 [2009]; *Rahman v Sarpaz*, 62 AD3d 979, 979-980 [2009]).

With respect to Targhalli, however, the appellants met their prima facie burden. The appellants' submissions established, prima facie, that Targhalli did not sustain a serious injury as a result of the subject accident under any of the subdivisions of Insurance Law § 5102 (d) that she cited in her bill of particulars (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Conder v City of New York*, 62 AD3d 743, 743-744 [2009]; *Hemsley v Ventura*, 50 AD3d 1097, 1098 [2008]). In opposition, Targhalli failed to raise a triable issue of fact (*see Spence v Mikelberg*, 66 AD3d 765 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Norton v Roder*, 65 AD3d 1317 [2009]; *Ciancio v Nolan*, 65 AD3d 1273 [2009]).

The nonappealing defendants also established their entitlement to judgment as a matter of law with respect to Targhalli. Although their motion was denied, and they declined to appeal, we exercise our authority to search the record and award summary judgment to them, inasmuch as the issue of whether Targhalli sustained a serious injury was addressed in their motion before the Supreme Court (*see Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712, 714 [2009]; *Garcia v Lopez*, 59 AD3d 593, 594-595 [2009]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.