■ JEAN CASIMIR, Respondent, v TREVOR BAILEY, Appellant.
[896 NYS2d 122]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Starkey, J.), entered July 13, 2009, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's medical experts, Dr. Raj Tolat and Dr. Andrew Davy, failed to address the findings of the defendant's radiologist, who concluded that the bulging and herniated discs observed in the plaintiff's cervical and lumbar spine magnetic resonance imaging films were degenerative in nature and unrelated to the subject accident. Thus, the conclusions of the plaintiff's experts that the injuries and limitations noted during their respective examinations were the result of the subject accident were speculative (see Nicholson v Allen, 62 AD3d 766 [2009]; Ferebee v Sheika, 58 AD3d 675, 676 [2009]; Johnson v Berger, 56 AD3d 725 [2008]; Ciordia v Luchian, 54 AD3d 708 [2008]).

Furthermore, the affirmed magnetic resonance imaging reports of Dr. Robert Diamond, and the EMG report of Dr. Tolat, merely revealed the existence of disc bulges and disc herniations in the plaintiff's cervical and lumbar spine and radiculopathy. The mere existence of a herniated or bulging disc or radiculopathy is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see Rivera v Bushwick Ridgewood Props., Inc., 63 AD3d 712 [2009]; Niles v Lam Pakie Ho, 61 AD3d 657 [2009]; Pompey v Carney, 59 AD3d 416 [2009]). Such evidence was clearly lacking in opposition to the defendant's motion. The deposition testimony of the plaintiff was insufficient to raise a triable issue of fact as well (see Washington v Mendoza, 57 AD3d 972 [2008]; Luizzi-Schwenk v

*Singh*, 58 AD3d 811, 812 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Washington v Mendoza*, 57 AD3d at 974; *Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.