■ Leora Keith, Appellant, v Lois Duval et al., Respondents, et al., Defendant. [898 NYS2d 184]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), entered March 25, 2009, which granted the respective motions of the defendants Lois Duval and Taxi and Limousine Commission, the defendants Amadou Moussa and Diallo Abdouerahmane, and the defendants Saunor Feneleon and Katenka Blaise, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants met their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d). Initially, the plaintiff's hospital records and the final narrative report of Dr. Nitin Narkhede were insufficient to raise a triable issue of fact because the hospital records were uncertified (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Mejia v DeRose*, 35 AD3d 407 [2006]) and Narkhede's report was unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Mora v Riddick*, 69 AD3d 591 [2010]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

The affirmed medical report of Dr. Gary Starkman, the plaintiff's examining neurologist, failed to raise a triable issue of fact as well. While this report set forth significant limitations of the cervical and lumbar regions of the plaintiff's spine that were noted during a recent examination, neither the plaintiff nor Dr. Starkman proffered competent medical evidence that revealed the existence of significant limitations in those regions of the spine that were contemporaneous with the subject accident (*see Mensah v Badu*, 68 AD3d 945 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54

AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). While Narkhede's initial medical report dated March 28, 2006, was affirmed, and noted "decreased" range of motion in the cervical spine, Narkhede failed to set forth the objective medical testing done to arrive at that conclusion (*see Knopf v Sinetar*, 69 AD3d 809 [2010]; *Spence v Mikelberg*, 66 AD3d 765 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Budhram v Ogunmoyin*, 53 AD3d 640, 641 [2008]; *Piperis v Wan*, 49 AD3d 840, 841 [2008]).

The plaintiff's remaining admissible medical submissions merely revealed evidence of bulging discs in the lumbar and cervical regions of her spine, a herniated disc in the lumbar spine, and cervical radiculopathy. The mere existence of a herniated disc, a bulging disc, or radiculopathy is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Casimir v Bailey*, 70 AD3d 994 [2010]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]; *Pompey v Carney*, 59 AD3d 416 [2009]). Neither the plaintiff's affidavit nor her other submissions were sufficient to raise a triable issue of fact as to whether these claimed injuries constituted serious injuries within the meaning of Insurance Law § 5102 (d) (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Rabolt v Park*, 50 AD3d 995 [2008]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.