■ JESSICA ORTIZ, Respondent, v IANINA TAXI SERVICES, INC., et al., Appellants. [900 NYS2d 391]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered September 25, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical report of the plaintiff's treating physician, Dr. Ricky Sayegh, was insufficient to raise a triable issue of fact. Dr. Sayegh's report merely noted that based upon a recent examination, the range of motion in the plaintiff's right knee was "decreased." However, Dr. Sayegh did not set forth the objective testing he did in order to arrive at that conclusion (*see Keith v Duval*, 71 AD3d 1093 [2010]; *Knopf v Sinetar*, 69 AD3d 809 [2010]; *Spence v Mikelberg*, 66 AD3d 765 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643, 644 [2008]). Furthermore, the extent of any limitation in the plaintiff's right knee cannot be determined because Dr. Sayegh failed to quantify that limitation, or provide a qualitative assessment of that region of her body in his report (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Acosta v Alexandre*, 70 AD3d 735 [2010]; *Giannini v Cruz*, 67 AD3d 638, 639 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]).

The magnetic resonance imaging reports of the cervical and lumbar regions of the plaintiff's spine, which merely revealed the existence of bulging discs at C5-6 and L5-S1, also failed to raise a triable issue of fact. The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Keith v Duval*, 71 AD3d 1093 [2010]; *Casimir v Bailey*, 70 AD3d 994 [2010]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712, 713 [2009]; *Pompey v Carney*, 59 AD3d 416 [2009]).

The plaintiff also failed to submit competent medical evidence

that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Casimir v Bailey*, 70 AD3d at 994; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.