■ ANGELA KREIMERMAN, Plaintiff, and NELA YUKOBOV, Respondent, v GENNADIY STUNIS et al., Appellants. [902 NYS2d 180]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated June 24, 2009, which denied their motion for summary judgment dismissing the complaint insofar

as asserted by the plaintiff Nela Yukobov on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Nela Yukobov is granted.

Contrary to the determination of the Supreme Court, the defendants met their prima facie burden of showing that the plaintiff Nela Yukobov (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on the affirmed medical reports of Dr. Wendy Cohen and Dr. David A. Fisher, as well as a copy of the plaintiff's deposition testimony. The plaintiff testified at her deposition that she missed, in total, two weeks of work as a result of the subject accident. In her affirmed medical report, Dr. Cohen, the defendants' examining neurologist, concluded that, as of April 30, 2008, the plaintiff had full quantified range of motion in the cervical and lumbar regions of her spine, as compared with the stated norms. Dr. Cohen further diagnosed the plaintiff with resolved cervical and lumbar strains and sprains, concluded that the plaintiff was not disabled, and deemed the plaintiff capable of performing the activities of daily life without restrictions.

Upon his review of the magnetic resonance imaging films of the cervical and lumbar regions of the plaintiff's spine dated April 20, 2004, and May 5, 2004, Dr. Fisher, the defendants' retained radiologist, noted in his affirmed reports that the plaintiff had diffuse degenerative changes throughout the cervical and lumbar regions of her spine, including bulging discs in the cervical spine. Dr. Fisher concluded that the observed bulging discs were degenerative in nature, and were unrelated to and predated the subject accident.

The Supreme Court erred in concluding that the defendants did not meet their prima facie burden because Dr. Cohen failed to address the plaintiff's claims, made at her examination by Dr. Cohen, of right shoulder, bilateral hip, and foot pain, since the plaintiff neither claimed such injuries in her complaint or bill of particulars, nor moved to amend her bill of particulars to add such injuries (*see generally Felix v Wildred*, 54 AD3d 891 [2008]; *Ifrach v Neiman*, 306 AD2d 380 [2003]).

The plaintiff's submissions failed to raise a triable issue of

fact. Initially, the magnetic resonance imaging reports of Dr. John T. Rigney and the medical reports of Dr. Renan Macias failed to raise a triable issue of fact because they were not affirmed and, thus, not in proper form (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Chanda v Varughese*, 67 AD3d 947 [2009]; *Sutton v Yener*, 65 AD3d 625 [2009]; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]).

The affirmation of Dr. Teodoro Y. Pang failed to raise a triable issue of fact as well, since it failed to adequately rebut the findings of the defendants' physicians relating to the lumbar and cervical spine conditions (*see Barry v Future Cab Corp.*, 71 AD3d 710 [2010]). Dr. Pang stated in his affirmation that he rendered his diagnosis upon "consideration of [his] examination, the diagnostic testing [of Dr. John T. Rigney] and the reports from Dr. Renan Macias." Dr. Pang clearly relied upon the unsworn reports of Dr. Rigney and Dr. Macias in reaching his conclusions, thus rendering those conclusions inadmissible (*see Magid v Lincoln Servs. Corp.*, 60 AD3d 1008 [2009]; *Sorto v Morales*, 55 AD3d 718 [2008]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). In light of Dr. Pang's express reliance on the reports of Drs. Rigney and Macias, there is no basis in the record to conclude that Dr. Pang's diagnosis was made independent of those unsworn reports, or that his diagnosis would have been the same had the inadmissible diagnostic and medical reports been excluded.

Moreover, while Dr. Pang noted that his findings of significant limitations in the range of motion of the cervical region of the plaintiff's spine were based on an examination performed contemporaneously with the subject accident, neither he nor the plaintiff proffered any competent objective medical evidence based on a recent examination that revealed the existence of any restrictions of cervical spine range of motion (*see Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]; *Diaz v Lopresti*, 57 AD3d 832 [2008]; *Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Landicho v Rincon*, 53 AD3d 568, 569 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Young Hwan Park v Orellana*, 49 AD3d 721 [2008]; *Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]).

Conversely, while Dr. Pang's affirmation noted limitation of motion in the lumbar region of the plaintiff's spine, based on the recent examination of March 10, 2009, neither he nor the plaintiff proffered any objective medical evidence that revealed

the existence of a significant limitation of motion in the lumbar region of the plaintiff's spine contemporaneous with the subject accident (*see Stevens v Sampson*, 72 AD3d 793 [2010]; *Keith v Duval*, 71 AD3d 1093 [2010]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]; *Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

Finally, the plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), since she admitted at her deposition that she was out of work for only two weeks after the subject accident, and thereafter returned to her employment. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff. Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.