■ MOHAMMED SIDIBE, an Infant, by His Mother and Natural Guardian, CAMARA SARATA, et al., Appellants, v JUAN A. CORDERO et al., Respondents. [913 NYS2d 78]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered September 9, 2009, which granted defendants' motion for summary judgment dismissing the complaint on the ground that infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through an affirmed report of a plastic surgeon and photographs, that the infant plaintiff did not sustain a "significant disfigurement" within the meaning of Insurance Law § 5102 (d). Rather, the photographs reflect minor skin discoloration on the infant plaintiff's left cheek, left temple and near the right antihelical rim. In opposition, plaintiff failed to raise a triable issue of fact. The "recent" photographs of the infant plaintiff fail to support a finding that "a reasonable person would view [the facial discoloration] as unattractive, objectionable, or as the subject of pity or scorn" (Hutchinson v Beth Cab Corp., 207 AD2d 283, 283 [1994] [internal quotation marks and citation omitted]; see Santos v Taveras, 55 AD3d 405, 406 [2008]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.