■ IVELISSE ROVELO, Respondent, v ROLANDE VOLCY, Appellant, et al., Defendant. [921 NYS2d 322]—

In an action to recover damages for personal injuries, the defendant Rolande Volcy appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated September 22, 2010, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Rolande Volcy for summary judgment dismissing the complaint insofar as asserted against him is granted and, upon searching the record, summary judgment is awarded to the defendant Robert M. Galasso, Jr., dismissing the complaint insofar as asserted against him.

The appellant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition thereto, the plaintiff failed to raise a triable issue of fact.

The plaintiff alleged that she sustained a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system, as set forth in Insurance Law § 5102 (d). "To establish that she sustained an injury that falls within either of these categories of serious injury, the plaintiff was required to show the duration of the alleged injury and the extent or degree of the limitations associated therewith" (*Ferraro v Ridge Car Serv.*, 49 AD3d 498, 498 [2008]). Moreover, "any subjective complaints of pain and limitation of motion must be substantiated by verified objective medical findings based on recent examination of the plaintiff" (*Young v Russell*, 19 AD3d 688, 689 [2005]). Here, while the plaintiff submitted medical evidence of contemporaneous examinations in which significant limitations in cervical and lumbar ranges of motion were noted by her treating chiropractor and physician, she failed to proffer any recent medical evidence regarding any range-of-motion limitations in her spine (*see Pierson v Edwards*, 77 AD3d 642, 643-644 [2010]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Young v Russell*, 19 AD3d at 689, *Silkowski v Alvarez*, 19 AD3d 476 [2005]). Accordingly, in the absence of recent findings of range-of-motion limitations, the plaintiff failed to meet her burden in opposing the appellant's showing of prima facie entitlement to judgment as a matter of

law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him.

In addition, the defendant Robert M. Galasso, Jr. (hereinafter Galasso), separately moved for summary judgment dismissing the complaint insofar as asserted against him on the same ground as that on which the appellant moved for summary judgment. Although Galasso's motion was denied, he did not appeal from the order. "Nonetheless, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court" (*Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712, 714 [2009]; *see Belafrikh v Tarzan Cab Corp.*, 69 AD3d 777, 778 [2010]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]). Upon searching the record, we award summary judgment to Galasso dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see* CPLR 3212 [b]; *McIntosh v O'Brien*, 69 AD3d 585, 588 [2010]). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.