■ SHERYL AZEVEDO et al., Respondents, v PLATFORM TAXI SERVICE, INC., et al., Appellants. [923 NYS2d 849]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), dated June 23, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Sheryl Azevedo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants submitted certain photographs depicting the injured plaintiff's alleged injuries. However, the photographs were not in admissible form (*cf. Lewis v General Elec. Co.*, 145 AD2d 728, 729 [1988]). Without the photographs, the defendants' other submissions in support of their motion for summary judgment were insufficient to establish, prima facie, the defendants' entitlement to judgment as a matter of law (*see Rulison v Zanella*, 119 AD2d 957, 957-958 [1986]; *Prieston v Massaro*, 107 AD2d 742, 743 [1985]; *Savage v Delacruz*, 100 AD2d 707, 707-708 [1984]; *see also Slater v Town of Rochester*, 31 AD2d 590 [1968]; *cf. Sidibe v Cordero*, 79 AD3d 536 [2010]; *Baker v Thorpe*, 43 AD3d 535,

537 [2007]; *Hutchinson v Beth Cab Corp.*, 207 AD2d 283, 283-284 [1994]; *Edwards v DeHaven*, 155 AD2d 757, 758 [1989]; *Koppelmann v Lepler*, 135 AD2d 507 [1987]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1238(A), 2010 NY Slip Op 51094(U).]**