■ VERNA D. LEWARS et al., Respondents, v TRANSIT FACILITY MANAGEMENT CORP. et al., Appellants, and DUSKO GENIC, Respondent. [923 NYS2d 701]—

In an action to recover damages for personal injuries, etc., the defendants Transit Facility Management Corp. and Gilbert Torres, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 25, 2010, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident, and denied their separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff Verna D. Lewars did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff Verna D. Lewars did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted, the appellants' separate motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident is denied as academic, and, upon searching the record, summary judgment is awarded to the defendant Dusko Genic dismissing the complaint and all cross claims insofar as asserted against him.

In support of their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff Verna D. Lewars (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendants Transit Facility Management Corp. and Gilbert Torres, Jr. (hereinafter the appellants), met their prima facie burden of showing that the injured plaintiff did not sustain a serious injury under any of the claimed provisions of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Most importantly, the affirmation and annexed submissions of Dr. Jean Claude Compas, the injured plaintiff's treating physician, did not make any findings that were sufficiently contemporaneous with the subject accident as to the existence of significant limitations in either the plaintiff's cervical or lumbar range of motion. Indeed, while Dr. Compas examined

the injured plaintiff the day after the accident, he failed to quantify any lumbar or cervical spine range of motion as of that date (*see Perl v Meher*, 74 AD3d 930, 931 [2010]). Rather, he asserted merely that the injured plaintiff had "decreased" range of motion. Even with respect to this unquantified finding, he did not set forth the objective testing he performed (*see Resek v Morreale*, 74 AD3d 1043, 1044 [2010]). The earliest quantified findings concerning lumbar or cervical range of motion provided by the plaintiffs was from an examination performed six months after the subject accident. These findings were not sufficiently contemporaneous with the subject accident and did not overcome the deficiencies in Dr. Compas's earlier examination (*id.*; *see Mancini v Lali NY, Inc.*, 77 AD3d 797, 798 [2010]; *Catalano v Kopmann*, 73 AD3d 963, 964 [2010]).

Contrary to the plaintiffs' contentions, the appellants also established prima facie that the injured plaintiff did not sustain a serious injury under the 90/180 category of Insurance Law § 5102 (d). By submitting the injured plaintiff's own deposition testimony in support of the motion, the appellants established that, at most, she missed one week of work as a result of the subject accident. In opposition, the plaintiffs failed to raise a triable issue of fact as to this category of Insurance Law § 5102 (d) as well. Consequently, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955 [1992]).

In light of our determination as to serious injury, the appellants' remaining contentions are academic.

The defendant Dusko Genic separately moved for summary judgment dismissing the complaint insofar as asserted against him on the ground, inter alia, that the injured plaintiff did not sustain a serious injury under Insurance Law § 5102 (d). Although Genic did not take an appeal from the order denying his motion, this Court may search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of a motion before the Supreme Court (*see Rovelo v Volcy*, 83 AD3d 1034 [2d Dept 2011]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712, 714 [2009]). Upon searching the record, we award summary judgment to Genic dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see CPLR 3212 [b]; Rovelo v Volcy*, 83 AD3d 1034 [2011]; *McIntosh v O'Brien*, 69 AD3d

585, 588 [2010]). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.