In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated March 22, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident
Ordered that the order is affirmed, with costs.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiffs left eye and the cervical region of his spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]; Koppelmann v Lepler, 135 AD2d 507, 508 [1987]). The defendant also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180 day category of Insurance Law § 5102 (d) (see Rivera v Bushwick Ridgewood Props., Inc., 63 AD3d 712, 713-714 [2009]).
In opposition, the plaintiff failed to raise a triable issue of fact. The defendant was not required to address the plaintiffs shoulder injuries, since no claim for shoulder injuries appeared in the complaint or bill of particulars, and the plaintiff made no motion to amend the bill of particulars so as to include those injuries (see Kreimerman v Stunis, 74 AD3d 753, 754 [2010]; Felix v Wildred, 54 AD3d 891, 892 [2008]; Ifrach v Neiman, 306 AD2d 380 [2003]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.