The defendant met his prima facie burden of showing that the plaintiff Marisol Rodriguez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of *981 the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff Marisol Rodriguez’s spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Moran v Kollar, 96 AD3d 811 [2012]; Ramkalawon v Correa, 95 AD3d 982 [2012]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]).
In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the causes of action to recover damages for personal injuries.
The appeal from the second order dated October 5, 2011, must be dismissed as abandoned (see Sirma v Beach, 59 AD3d 611, 614 [2009]), as the plaintiffs do not seek reversal of that order in their brief.
The plaintiffs’ remaining contentions are without merit. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.