Heywood v New York City Tr. Auth. (2018 NY Slip Op 06318)





Heywood v New York City Tr. Auth.


2018 NY Slip Op 06318


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7159 111785/10

[*1]Catherine Heywood, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents, Bibol Bogodzhon, Defendant.


Sweetbaum & Sweetbaum, Lake Success (Marshall D. Sweetbaum of counsel), for appellant.
Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 18, 2017, which, inter alia, granted defendant Transit Authority's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff, a cross-country runner, alleged that, as the result of a collision between a Transit Authority bus and a pedicab, the pedicab jumped a curb and fell over on her ankle, causing a laceration that left a scar, as well as a history of left knee dislocation and pain.
The Transit Authority established prima facie entitlement to summary judgment by submitting the affirmed report of an orthopedist who, after examination of plaintiff's ankles and knees, found normal and near-normal range of motion in all planes (see Paduani v Rodriguez, 101 AD3d 470, 470 [1st Dept 2012]). The orthopedist also examined the ankle scar, describing it as a healed 6 centimeter laceration with keloid scarring and no swelling (see Loiseau v Maxwell, 256 AD2d 450 [2d Dept 1998]). Plaintiff's own deposition testimony showed that she had resumed running within months after the accident and completed a marathon years later, indicating an absence of any significant or permanent injury to her ankles or knees (see Gaddy v Eyler, 79 NY2d 955, 957 [1992]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's medical records from the period after the accident demonstrated that she had full knee range of motion, the ankle scar was just 3 centimeters long, and the laceration was "healed, clean, dry and intact." The plaintiff offered photographs of the scar, without any evidence concerning when they were taken (see Aguilar v Hicks, 9 AD3d 318 [1st Dept 2004]). Even accepting the photographs as a fair and accurate rendition of the scar, a reasonable person would not regard the condition depicted as "unattractive, objectionable, or as the subject of pity or scorn" (see Sidibe v Cordero, 79 AD3d 536 [1st Dept 2010]). Plaintiff's expert rendered no opinion regarding whether any knee or ankle [*2]injuries resulted from the accident, and thus failed to raise an issue of fact as to whether she sustained a serious knee or ankle injury.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK