De Diaz v Klausner (2024 NY Slip Op 00129)

De Diaz v Klausner

2024 NY Slip Op 00129

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 30368/19 Appeal No. 1418 Case No. 2023-01429 

[*1]Evelin Aguilera De Diaz, Plaintiff-Respondent,
v
Ronald B. Klausner, Defendant-Appellant.

Kahana & Feld LLP, New York (Christopher Theobalt of counsel), for appellant.
Weiss & Rosenbloom P.C., New York (Andrea Krugman of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about September 16, 2022, which denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not meet the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to dismiss plaintiff's claim of injury to the left hip, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained serious injuries resulting in significant and permanent consequential limitation of use to her right shoulder and cervical spine as a result of an accident that occurred when defendant's vehicle struck her as she was crossing the street (see De Diaz v Klausner, 198 AD3d 475 [1st Dept 2021]). She asserts that she sustained serious injuries involving a "significant disfigurement" and within the 90/180-day category. She also seeks to recover damages for nonserious injuries to her left hip, left shoulder, and lumbar spine.
With respect to the claimed serious injuries involving significant or permanent, consequential limitation of use, defendant met his prima facie burden by submitting evidence that the claimed injuries to the cervical spine and right shoulder were degenerative in origin and not causally related to the accident (see Rickert v Diaz, 112 AD3d 451, 451-452 [1st Dept 2013]). Plaintiff raised triable issues of fact through objective evidence of abnormalities in her MRIs of these body parts, along with her treating physicians' findings of range of motion limitations, both shortly after the accident (see Bonilla v Vargas-Nunez, 147 AD3d 461, 462 [1st Dept 2017]), and continuing at subsequent and recent examinations, raising an issue of fact as to permanency (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 481-482 [1st Dept 2011]). Plaintiff's physicians adequately addressed defendant's evidence that the injuries were degenerative by opining, based on examination, the lack of prior symptoms, and observations during surgery, that plaintiff's injuries were causally related to the accident, thereby ascribing a different, yet equally plausible explanation for the conditions (see Moreira v Mahabir, 158 AD3d 518, 519 [1st Dept 2018]).
Contrary to defendant's contentions, if "a jury determines that plaintiff has met the threshold for serious injury, it may award damages for all of her injuries causally related to the accident," even those that do not meet the serious injury threshold (Pouchie v Pichardo, 173 AD3d 643, 645 [1st Dept 2019], citing Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Plaintiff submitted evidence raising an issue of fact as to whether her claimed lumbar spine and left shoulder injuries are causally related to the accident, and thus she may be able to recover damages for those injuries, despite conceding that they do not meet the serious injury threshold (see e.g. Hernandez v Mercano, 161 AD3d 676, 677-678 [1st Dept 2018]). However, none of plaintiff's experts adequately explained [*2]why the accident, rather than her pre-existing, congenital left hip condition, caused her left hip limitations, requiring dismissal of this claim (see Thompson v Bronx Merchant Funding Servs., LLC, 166 AD3d 542, 543 [1st Dept 2018]).
Defendant failed to meet his summary judgment burden with respect to plaintiff's claim that her postsurgical scars on her right shoulder constitute a significant disfigurement under Insurance Law § 5102(d), as his experts failed to note whether these scars were well-healed or otherwise "unobjectionable" (see e.g. Feutcher v Composite Transit, 171 AD3d 647, 648 [1st Dept 2019]; Sidibe v Cordero, 79 AD3d 536 [1st Dept 2010]). Defendant also failed to meet his summary judgment burden with respect to plaintiff's 90/180-day claim, as the bill of particulars alleges that plaintiff had been confined to her home since the date of the accident and defendant did not submit medical evidence contradicting her claimed disability during that period (see Silverman v MTA Bus Co., 101 AD3d 515, 517 [1st Dept 2012]). In any event, plaintiff's deposition testimony, along with notes from her treating providers indicating that she was disabled during the relevant period, sufficiently raised an issue of fact with respect to her 90/180-day claim (see Massillon v Regalado, 176 AD3d 600, 602 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024